

-NOCV-30
-MS
-L\N

1 Initiating document
2 Pro se plaintiff Don Macallister
3 21163 Newport Coast Drive #1010
4 Newport Coast Ca 92657
5 310-924-1303
6 donmacallister8@gmail.com

7

8 Civil Intake Clerk
9 **U.S. District Court – Central District of California**
10 **Ronald Reagan Federal Building and U.S. Courthouse**
11 **411 West Fourth Street**
12 **Santa Ana, CA 92701-4516**
13 **Phone:** (714) 338-5300

14 ─────────────────────────────

15 **UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**

16 **DON MACALLISTER,** Pro Se Plaintiff,

17 V.

18 **DENIS O'BRIEN JR.,**
19 **DIGICEL GROUP INC.,**
20 Defendants.

21 Case No: 8:25-cv-00965-DOC-(KESx)

22 **COMPLAINT FOR DAMAGES, VACATUR OF PRIOR SETTLEMENT, INJUNCTIVE**
23 **RELIEF, AND REQUEST FOR BINDING ADR**

24 ─────────────────────────────

25 **I. INTRODUCTION**

26 This Complaint seeks to: (1) vacate a 2014 settlement agreement obtained through
27 fraud and criminal concealment by Defendants Denis O'Brien Jr. and Digicel Group Inc.;
28 (2) recover the present value of Plaintiff's June 25, 2003 investment of €100,000 (then
29 equivalent to approximately $113,000 USD) in Digicel Group Inc., which was never

honored; (3) seek damages for Defendants' retaliation, fraud, and abuse of process in filing a false defamation lawsuit to silence Plaintiff's protected whistleblower activities; and (4) initiate injunctive relief and binding ADR to resolve all claims.

Importantly, this Complaint acknowledges that the current owners of Digicel may have been defrauded themselves and welcomes their cooperation in holding Denis O'Brien Jr. accountable for failing to provide full and accurate disclosure regarding Digicel's criminal acquisition of telecom licenses through bribery, now voluntarily reported to the U.S. Department of Justice by Digicel itself.

## II. JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), § 1332 (diversity), and § 1367 (supplemental). Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial portion of the events occurred in this judicial district.

## III. PARTIES

- **Plaintiff**: Don Macallister is a U.S. citizen residing in California, a federally recognized 100% disabled person, and a Congressional Tribute Honoree for his work training thousands of foster and probation youth.
- **Defendant Denis O'Brien Jr.**: An Irish national, founder and principal controller of Digicel at the time of the events in question.
- **Defendant Digicel Group Inc.**: A multinational telecommunications corporation headquartered in Bermuda, and the beneficiary of Plaintiff's two separate investments.

## IV. FACTUAL BACKGROUND

On June 25, 2003, Plaintiff personally delivered bank draft No. 441834 in the amount of €100,000 EUR (approximately $113,000 USD) to Denis O'Brien Jr. at Digicel's Dublin office. The funds were deposited into O'Brien's personal account at Bank of Ireland on July 3, 2003.

This investment was separate from Plaintiff's prior 2002 investment of $100,000 USD, which had already been exercised in 2007.

61 Denis O'Brien Jr.'s primary defense for not returning the €100,000 was that it was a
62 "duplicate payment" for the 2002 investment. This defense is facially invalid: the 2002
63 investment was for exactly $100,000 USD, while the 2003 investment was exactly
64 €100,000 EUR, which had a materially greater value at the time (approximately $13,000
65 more).

66 Plaintiff reported the theft of the 2003 investment in a detailed written complaint to the
67 Irish police (Garda Bureau of Fraud Investigation) on November 8, 2013 (Ref:
68 FB11.27/13 53x13), identifying witnesses, submitting corroborating financial evidence,
69 and requesting a formal investigation.

70 Instead of addressing the theft, Denis O'Brien Jr. and Digicel filed a defamation lawsuit
71 in the U.S. in 2012 (SACV12-1965-JVS) to silence Plaintiff. This forced Plaintiff to
72 withdraw his valid investment lawsuit in Bermuda.

73 A settlement agreement was signed on January 6, 2014. However, at that time,
74 Defendants failed to disclose material facts—namely, that Plaintiff's core allegations
75 (criminal bribery to secure telecom licenses in over 40 countries) were in fact true.

76 In 2025, Digicel voluntarily disclosed to the U.S. Department of Justice that it had
77 secured its telecom licenses through precisely the felony bribery schemes Plaintiff
78 attempted to warn lawmakers about in 2012–2013. This new evidence invalidates the
79 basis of the 2012 defamation case and, by extension, the resulting 2014 settlement.

80 ---

## 81 V. CAUSES OF ACTION

82  1. **Motion to Vacate Settlement Due to Fraud** (Fed. R. Civ. P. 60(b)(2), (b)(3), and
83     (b)(6))
84  2. **Theft and Conversion**
85  3. **Retaliation and Abuse of Process**
86  4. **Fraud and Intentional Misrepresentation**
87  5. **Unjust Enrichment**
88  6. **Civil Conspiracy to Obstruct Justice**

89 ---

## 90 VI. PRAYER FOR RELIEF

91 WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. **Vacatur of Settlement**: That the Court VACATE the 2014 Settlement Agreement entered into under Case No. SACV12-1965-JVS pursuant to Federal Rule of Civil Procedure 60(b)(2), (b)(3), and (b)(6), on the grounds of newly discovered evidence, fraud, and other extraordinary circumstances;
2. **Recognition of Investment Theft**: That the Court enter judgment in favor of Plaintiff for the theft and unlawful conversion of Plaintiff's June 25, 2003 investment of €100,000 EUR, and award Plaintiff the current fair market value of that investment, estimated at $20 million USD;
3. **Restitution of Fraudulently Obtained Settlement Payment**: That the Court declare the $500,000 payment made on Plaintiff's behalf by Mid-Century Insurance Company pursuant to the fraudulently obtained 2014 settlement to have been procured through fraud on the Court, and order that said amount be disgorged by Defendants and returned to the appropriate party or held in trust pending further order of the Court;
4. **Compensatory and Punitive Damages**: That the Court award Plaintiff compensatory damages for emotional distress, reputational harm, lost income, and related economic injuries, as well as punitive damages sufficient to deter future fraudulent conduct;
5. **Injunctive Relief**: That the Court issue injunctive relief prohibiting any further retaliation by Defendants against Plaintiff related to his whistleblower activities;
6. **Binding ADR**: That the Court order the parties to engage in binding Alternative Dispute Resolution to resolve all outstanding claims efficiently and equitably;
7. **Declaratory Relief**: That the Court issue a declaration affirming the truth of Plaintiff's original whistleblower disclosures regarding felony bribery committed by Defendants to obtain telecom licenses across over 40 jurisdictions;
8. **Other Relief**: Any other relief the Court deems just, proper, and in the interest of justice.

Respectfully submitted,
/s/ Don Macallister
Don Macallister
Pro Se Plaintiff
21163 Newport Coast Drive #1010
Newport Coast, CA 92657
Email: donmacallister8@gmail.com
Phone: (310) 924-1303
Date: [To be inserted]

D. MacAllister
53 Green house
Irvine CA 92603

Civil Intake Clerk
U.S District Court
Central District of California
Ronald Reagan Federal Building + US Courthouse
411 West 4th Street
Santa Ana CA 92701-4516

RECEIVED
CLERK, U.S. DISTRICT COURT
MAY -7 2025
CENTRAL DISTRICT OF CALIFORNIA